IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DANN,<br>   Plaintiff,<br><br>            v.<br><br>LINCOLN NATIONAL CORP., et al.,<br>   Defendants. | :<br>:<br>:   CIVIL ACTION<br>:<br>:   NO. 08-5740<br>:<br>: |

February 10, 2011                                                            Anita B. Brody, J.

**MEMORANDUM**

Plaintiff Michael Dann ("Dann") is a participant in a 401(k) employee retirement savings plan sponsored by Lincoln National Corporation ("LNC") that held LNC common stock as an investment. Dann brings this purported class action on behalf of the LNC Employees' Savings and Retirement Plan, the Lincoln National Life Insurance Company Agents' Savings and Profit-Sharing Plan, and the Delaware Management Holdings, Inc. Employees' Savings and 401(k) Plan (collectively the "Plans") against Defendants LNC, The Lincoln National Life Insurance Co., William H. Cunningham, Dennis R. Glass, Michael F. Mee, Patrick S. Pittard, LNC Benefits Committee, William David, Does 1-30, Delaware Management Holdings, Inc., Kelly Davis, Audrey Im, Sharon Marnien, Carolyn McIntyre, Kim Miner, Timothy Sexton, and Rebecca Silva (collectively "Defendants" or "Lincoln").

Dann brings suit under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. (2006), alleging that: (1) it was imprudent for the Plans to invest in LNC common stock and that Defendants breached their fiduciary duty by failing to provide plan

1

participants with complete and accurate information; and (2) Defendants LNC and Dennis Glass (LNC's Chief Executive Officer, President, and a Board Member) failed to adequately monitor the other fiduciaries and failed to provide them with accurate information.[1] In its Answer to Dann's Complaint, Lincoln plead ten defenses. Dann now moves to strike the following eight of Lincoln's ten defenses. For the reasons that follow, I will grant in part and deny in part Dann's Motion to Strike.

**I. BACKGROUND**

Dann moves to strike the following defenses:

**FIRST DEFENSE**
To the extent applicable, the claims of Plaintiff and each member of the putative class are barred in whole or in part by the applicable statutes of limitations, including ERISA Section 413, 29 U.S.C. § 1113, and/or the doctrines of laches, waiver and/or estoppel.

. . .

**THIRD DEFENSE**
Plaintiff and each member of the putative class have proximately caused, contributed to, or failed to mitigate any and all losses claimed by them and, as such, Defendants did not cause "any losses to the Plan" under ERISA Section 409(a), 29 U.S.C. § 1109(a).

**FOURTH DEFENSE**
To the extent the defense provided by ERISA Section 404(c), 29 U.S.C. § 1104(c), does not apply, Plaintiff and each member of the putative class acted as fiduciaries when they directed the investment of funds allocated to their account(s) and are therefore liable for any claimed losses.

**FIFTH DEFENSE**
Any losses alleged by Plaintiff and each member of the putative class were not caused by

---

[1] The essential facts of this case are discussed in more detail in my April 20, 2010 Opinion considering Lincoln's Motion to Dismiss. See Dann v. Lincoln Nat'l Corp., 708 F. Supp. 2d 481 (E.D. Pa. 2010).

any fault, act or omission by Defendants, but were caused by circumstances, entities or persons, including Plaintiff and each member of the putative class, for which Defendants are not responsible and cannot be held liable.

**SIXTH DEFENSE**
ERISA Section 514(d), 29 U.S.C. § 1144(d), prohibits ERISA from being used to alter, modify, or impair federal securities law or other federal laws.

. . .

**EIGHTH DEFENSE**
Fiduciaries are not required or permitted to violate securities laws, or any other law, to satisfy their fiduciary obligations.

**NINTH DEFENSE**
Plaintiff and each member of the putative class have each failed to exhaust the administrative remedies available to them under the terms of the Plans, and their claims should therefore be remanded to the plan administrator for a determination in the first instance.

**TENTH DEFENSE**
The plan administrator has discretion to interpret the Plans and make factual determinations under the Plans.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[S]triking a pleading is a 'drastic remedy' to be used sparingly because of the difficulty of deciding a case without a factual record." BJ Energy, LLC v. PJM Interconnection, LLC, Nos. 08-3649, 09-2864, 2010 WL 1491900, at *1 (E.D. Pa. Apr. 13, 2010) (quoting N. Penn. Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 158-59 (E.D. Pa. 1994)). Thus, although Rule 12(f) grants the court the power to grant a motion to strike, such motions "are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations

confuse the issues." Wilson v. King, No. 06-2608, 2010 WL 678102, at *2 (E.D. Pa. Feb. 24, 2010) (quoting N. Penn. Transfer, 859 F. Supp. at 158 (internal quotations omitted)).

When a party moves to strike a defense on insufficiency grounds, the motion should not be granted "'unless the insufficiency of the defense is clearly apparent.'" Nupro Indus. Corp. v. Lexington Ins. Co., No. 08-4809, 2010 WL 2553698, at *2 (E.D. Pa. June 21, 2010) (quoting Synthes v. Globus Med., Inc., No. 04-1235, 2007 WL 1001587, at *1 (E.D. Pa. Mar. 29, 2007)). Further, a "'motion to strike will not be granted where the sufficiency of a defense depends on disputed issues of fact. Even when the facts are not in dispute, Rule 12(f) is not meant to afford an opportunity to determine disputed and substantial questions of law.'" Id. (quoting N. Penn. Transfer, 859 F. Supp. at 159).

## III. DISCUSSION

Dann moves to strike eight of Lincoln's defenses that fall broadly into four categories, relating to: (1) causation; (2) the relationship between ERISA and federal securities laws; (3) exhaustion; and (4) "bare-bones" defenses. I consider each category in turn.

### A. Causation (Defenses 3, 4, and 5)

First, Dann moves to strike defenses 3, 4, and 5 as legally insufficient defenses. Dann claims that his actions or omissions do not absolve Lincoln of liability, and cites to several cases holding that a plaintiff's fiduciary breaches do not absolve a defendant of liability. As Lincoln notes, however, these cases arose in a different context,[2] and defenses 3, 4, and 5 are properly

---

[2] In the cases cited by Dann, the plaintiffs were trustees of plans, suing investment firms. See Trs. of the Local 464A United Food & Commercial Workers Union Pension Fund v. Wachovia Bank, N.A., No. 09-668, 2009 WL 4138516 (D.N.J. Nov. 24, 2009); Openshaw v. Cohen, Klingenstein & Marks, Inc., 320 F. Supp. 2d 357 (D. Md. 2004); Compton Press, Inc. v. Granada Inv., Inc.,

4

understood as asserting that Lincoln's own conduct was not the proximate cause of any damage to Dann.[3]

The Third Circuit has held that "a fiduciary, who is shown to have committed a breach of duty in making an investment decision, [may] argue that despite the breach, it may not be held liable because the alleged loss resulted from a participant's exercise of control." In re Unisys Sav. Plan Litig., 74 F.3d 420, 445 (3d Cir. 1996); see also 29 U.S.C. § 1109(a) (2006); Willett v. Blue Cross & Blue Shield of Alabama, 953 F.2d 1335, 1343 (11th Cir. 1992); Brandt v. Grounds, 687 F.2d 895, 898 (7th Cir. 1982). Lincoln's causation defenses thus appear to go to the heart of a requisite element for Dann's claims, and are not clearly legally insufficient. Indeed, a case that Dann premises his argument upon, In re Merck & Co., Inc. Vytorin ERISA Litig., No. 08-1974, 2010 WL 2557564, at *3 (D.N.J. June 23, 2010), declined to strike a similar causation-related defense, noting that "'these questions quite properly are viewed as determinable only after discovery and a hearing on the merits.'" Id. (quoting Bd. of Trs. of Trucking Employees of N.

---

No. 91-1256, 1992 WL 566329 (D.N.J. Nov. 23, 1992). Defendant investment firms were not allowed to invoke fiduciary duty breaches by plaintiff trustees as a defense; any fiduciary duty breach by a plaintiff trustee would only give rise to a cause of action to be asserted on behalf of the plan against the plaintiff. Trs. of the Local 464A United Food & Commercial Workers Union Pension Fund, 2009 WL 4138516, at *4. In this case, Dann is a plan participant, and Lincoln is alleging that Dann is the proximate cause of any loss.

[3] Defenses 3 and 5 are explicitly phrased in terms of causation, and specifically allege that Lincoln did not cause Dann's losses. Defense 4 similarly asserts that because Dann acted as a fiduciary when directing the investment of funds allocated to his account, that Lincoln did not proximately cause Dann's losses.

5

Jersey Welfare Fund v. Gotham Fuel Corp., 860 F. Supp. 1044, 1054 (D.N.J. 1993)).[4]  I will thus deny Dann's Motion to Strike as to defenses 3, 4, and 5.

**B.  ERISA and Federal Securities Laws (Defenses 6 and 8)**

Dann next moves to strike Lincoln's defenses that assert their liability under ERISA is limited by the federal securities laws.  Dann argues that federal securities laws do not relieve fiduciaries of their obligations under ERISA.  As a result, Dann claims that these defenses are legally insufficient and should be stricken.  Dann cites to an inconclusive Third Circuit opinion, as well as to district court cases from outside the Third Circuit. Lincoln points to other cases in other circuits finding to the contrary.  Dann's Motion thus requires this court to determine an unclear question of law in the absence of binding circuit precedent.  This is clearly beyond the scope of a motion to strike.  See Nupro Indus. Corp. v. Lexington Ins. Co., No. 08-4809, 2010 WL 2553698, at *2 (E.D. Pa. June 21, 2010) ("'Rule 12(f) is not meant to afford an opportunity

---

[4] One district court has written that although defendants could argue at trial that their actions were *not* the proximate cause of the alleged losses, and that the actions of others *were* the proximate cause of the alleged losses, these arguments were not affirmative defenses. Fed. Deposit Ins. Corp. v. White, 828 F. Supp. 304, 312-13 (D.N.J. 1993). Rather, these arguments went "to whether plaintiff has carried its burden in establishing that defendants were the proximate cause of the . . . losses." Id. at 313. Thus the defendants could obtain discovery on the issue, and present evidence at trial, but the argument was not an affirmative one. Id. However, Dann's Motion to Strike will still be denied as to the causation defenses. First, any legal insufficiency is far from clearly apparent. Although White disallowed causation affirmative defenses, other cases have allowed them. To elaborate on the case mentioned above, in In re Merck & Co., Inc. Vytorin ERISA Litig., No. 08-1974, 2010 WL 2557564, at *3 (D.N.J. June 23, 2010), the court analyzed an affirmative defense of whether "[p]laintiffs . . . [p]roximately [c]aused . . . [a]ny and [a]ll [a]lleged [l]osses" and found that a determination as to its legal insufficiency was "inappropriate for resolution" on a motion to strike. Second, denying the Motion to Strike as to the causation defenses will not cause prejudice to Dann. Even White recognized that defendants would be allowed to obtain discovery on the issue of causation regardless, and noted that the plaintiff in that case had "accomplished very little, if anything, by including the causation defenses in its motion to strike." White, 828 F. Supp. at 313 n.13.

6

to determine disputed and substantial questions of law" (quoting N. Penn. Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 159 (E.D. Pa. 1994))); United States v. Acorn Tech. Fund, No. 03-0070, 2006 WL 237506, at *4 (E.D. Pa. Jan. 31, 2006) ("[A] motion to strike 'should not be granted when the sufficiency of the defense depends upon . . . unclear questions of law.'" (quoting United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1989))). I will therefore deny Dann's Motion to Strike defenses 6 and 8.

**C. Exhaustion (Defense 9)**

Dann also moves to strike defense 9—Lincoln's exhaustion defense. Dann argues that because he asserts statutory rights provided for in ERISA, as opposed to the mere denial of benefits, exhaustion is not required. See D'Amico v. CBS Corp., 297 F.3d 287, 290-91 (3d Cir. 2002) (noting that the Third Circuit has drawn "a distinction between claims to enforce the terms of a benefit plan and claims to assert rights established by the ERISA statute. Exhaustion of plan remedies is required in the former, but not the latter, category of cases." (citation omitted)); Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 252 (3d Cir. 2002) ("We apply the exhaustion requirement to ERISA benefits claims, but not to claims arising from violations of substantive statutory provisions.").

As the Third Circuit made clear in Harrow, however, a substantive statutory claim may "actually [be] a claim for benefits where the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA." Harrow, 279 F.3d at 254 (quoting Smith v. Sydnor, 184 F.3d 356, 362 (4th Cir. 1999)). In other words, even if a claim appears to be premised on a substantive statutory ERISA provision, that claim may still be subject to the exhaustion requirement depending on whether

7

resolution of the claim rests upon an interpretation of the Plans as opposed to merely an interpretation of ERISA. At this stage of the litigation, it is unclear whether Dann's claims will require interpretation of the Plans. Therefore, I cannot conclude that Lincoln's exhaustion defense is legally insufficient, and I will deny Dann's Motion to Strike as to defense 9.[5]

**D. "Bare Bones" Defenses (Defenses 1 and 10)**

Finally, Dann moves to strike two of Lincoln's defenses which he argues are "bare bones" defenses; that is, defenses that are insufficiently pled, and as a result do not provide him with fair notice of the defense being asserted. Lincoln responds that Dann is essentially applying Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), to Lincoln's affirmative defenses. Lincoln argues against the application of the Twombly/Iqbal standard, and claims that affirmative defenses are only subject to the lax pleading rules in Federal Rule of Civil Procedure 8(c). See Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . .")

Whether Twombly and Iqbal apply to affirmative defenses is a debated question, but resolution of this matter does not require weighing in. To elaborate, Twombly and Iqbal have

---

[5] Dann submits in a footnote that if the Court allows the exhaustion defense to stand, it should strike that portion applying to members of the class other than Dann himself. Dann argues that only the named plaintiff must exhaust his or her administrative remedies in an ERISA class action. However, Dann cites no case law in support of this proposition. Dann cites only a secondary source, which states that in the cases where an ERISA class action has been dismissed for failure to exhaust, "the deciding factor[] *seems* to have been lack of exhaustion by the named plaintiff(s), not by members of the class." Mot. to Strike 9 n.3 (emphasis added). Further research reveals that the law is unsettled on this point. See, e.g., Matz v. Household Int'l Tax Reduction Inv. Plan, 232 F.R.D. 593, 597 (N.D. Ill. 2005) (collecting cases). Only clearly apparent legal insufficiencies, not disputed questions of law, should result in granting motions to strike. Therefore, I will not strike this portion of Lincoln's exhaustion defense.

been read to require that plaintiffs plead factual allegations that show a "plausible entitlement to relief" and "raise a right to relief above the speculative level." Twombly, 550 U.S. at 559, 555. District courts across the country have disagreed as to whether Twombly's plausibility standard has raised the bar for affirmative defenses.[6]

However, even before Twombly and Iqbal, affirmative defenses had to provide the plaintiff with fair notice of the nature of the defense. See United States v. Consol. Coal Co., No. 89-2124, 1991 WL 333694, at *4 (W.D. Pa. July 5, 1991) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 at 455-56 (1990)). Affirmative defenses

---

[6] A majority of courts have held that Twombly's plausibility standard *does* apply to affirmative defenses. Manuel John Dominguez, William B. Lewis & Anne F. O'Berry, The Plausibility Standard as a Double-Edged Sword: The Application of *Twombly* and *Iqbal* to Affirmative Defenses, 84 Fla. Bar J. 77, 78 (2010). Most of these courts have interpreted Twombly as applying to all pleadings, to include affirmative defenses. Id. Some of these courts have written more narrowly that Twombly applies not only to Rule 8(a), but also to Rule 8(b), and therefore governs affirmative defenses. Id. Finally, a few courts have looked to the purpose of Twombly–to limit unnecessary discovery–and found that the same rationale supports applying Twombly to affirmative defenses. Id. at 79; see also HCRI TRS Acquirer, LLC v. Iwer, 708 F. Supp. 2d 687, 691 n.2 (N.D. Ohio 2010) (collecting cases). A minority of cases have held that Twombly's plausibility standard does *not* apply to affirmative defenses. See Dominguez et al., supra. These courts have tended to focus on the difference in language between Federal Rules of Civil Procedure 8(a), 8(b), and 8(c) to conclude that Twombly's interpretation of 8(a) does not govern 8(b) or 8(c). Id. at 79-80. Practical considerations are also cited, such as the fact that while plaintiffs have ample time to prepare a complaint, defendants have only twenty-one days to prepare an answer. See 2-8 James Wm. Moore et al., Moore's Federal Practice - Civil § 8.08 (3d ed. 2000); see also HCRI, 708 F. Supp. 2d at 691 n.1 (collecting cases). Within the Third Circuit, district courts have disagreed. Compare Amerisourcebergen Drug Corp. v. Kohll's Pharmacy & Homecare, Inc., No. 09-1166, 2010 WL 3768371, at *2 n.3 (E.D. Pa. Sept. 24, 2010) (noting that Twombly and Iqbal "appear[ ] to apply as equally to defendants as [they do] to plaintiffs."), with Charleswell v. Chase Manhattan Bank, N.A., No. 01-119, 2009 WL 4981730, at *4 (D.V.I. Dec. 8, 2009) ("This Court concludes that the pleading standards articulated in Twombly and Iqbal do not extend to affirmative defenses."), and Romantine v. CH2M Hill Engineers, Inc., No. 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009) ("This court does not believe that Twombly is appropriately applied to either affirmative defenses under 8(c), or general defenses under Rule 8(b) . . . .").

were not to be struck unless there was no set of facts which could be inferred from the pleadings in support of the defenses, but it was also the case that bare bones conclusory allegations could be stricken. See, e.g., Fed. Deposit Ins. Corp. v. Modular Homes, Inc., 859 F. Supp. 117, 120-21 (D.N.J. 1994) ("Motions to strike . . . will only be granted when a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading. . . . Defenses that are nothing but bare bones conclusory allegations can be stricken." (internal quotations and citations omitted)). Moreover, affirmative defenses are pleadings, subject to the general pleading requirements of the Federal Rules of Civil Procedure, including the "short and plain statement" rule. See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). In other words, when an affirmative defense omits a short and plain statement of facts entirely and fails totally to allege the necessary elements of the claim, it has not satisfied the pleading requirements of the Federal Rules. See id. at 1295 (finding defenses "meritless" because they were "nothing but bare bones conclusory allegations" that "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims").

Thus some cases, applying only the fair notice standard, and not holding defendants to the Twombly and Iqbal bar, have struck affirmative defenses similar to those alleged by Lincoln. In United States v. Sensient Colors, Inc., 580 F. Supp. 2d 369, 378 (D.N.J. 2008), the court analyzed the following affirmative defense: "EPA's causes of action are barred in whole or in part by [the] applicable statue of limitations *or statutes of repose*, including Section 113(g)(2) of [CERCLA], 42 U.S.C. § 9613(g)(2)." The court ultimately found that the defendant's "reference to unspecified statutes of repose [was] ambiguous, and fail[ed] to satisfy the notice pleading requirements of Rule 8." Id. Similarly, in Huertas v. United States Dep't of Educ., No. 08-3959,

2009 WL 2132429, at *3 (D.N.J. July 13, 2009), the court assessed an affirmative defense that stated "[a]ll or some of the claims set forth in the amended complaint as against the federal defendants are barred by the applicable statute of limitations and/or principles of laches." The court wrote that "defenses invoking the statute of limitations and laches, when applicable, must be raised in a responsive pleading in short and plain statements," citing Federal Rules of Civil Procedure 8(b) and 8(c). The court elaborated that "[i]n order to state a claim for laches a party must plead (1) inexcusable delay in instituting suit, and (2) prejudice resulting to the defendant from the delay." Id. The court then found that the defendant's answer was "devoid of any factual allegations that Plaintiff exercised delay," and concluded that the defense in question did "not provide Plaintiff fair notice." Similarly, the court held that the "affirmative defense that 'all or some' of Plaintiff's claims are barred by the statute of limitations [did] not provide sufficient notice to Plaintiff as to the basis of the defense." Id. Thus the defense was stricken.

In this case, Lincoln has failed to provide Dann with fair notice of the nature of some of its defenses; defenses 1 and 10 represent bare bones allegations that not only include no facts, but also fail to allege legal elements. With regard to the first defense, as in Sensient, Lincoln neglects to identify which statutes of limitations are at issue. As in Huertas, Lincoln fails to present the elements of a claim of laches. As to the tenth defense, Lincoln's claim simply fails to provide notice of the nature of the defense.[7] Thus, I will strike both.

---

[7] These are not necessarily the only faults of defenses 1 and 10. If Lincoln chooses to amend its Answer, Lincoln is encouraged to provide as much notice as possible of the nature of these defenses.

However, I grant Dann's Motion to Strike as to these two defenses without prejudice to Lincoln's right to amend its answer accordingly. Several other cases have taken this approach. See Huertas, 2009 WL 2132429, at *3 ("[T]he Court recommends granting Plaintiff's motion to strike the laches defense, however, without prejudice to [Defendant's] right to amend its answer. . . . [T]he Court recommends granting Plaintiff's motion to strike the statute of limitations defense, without prejudice to [Defendant's] right to amend its answer to identify which claims it asserts are barred by the statute of limitations."); see also In re Merck & Co., Inc. Vytorin ERISA Litigation, No. 08-1974, 2010 WL 2557564, at *4 (D.N.J. June 23, 2010); Trs. of the Local 464A United Food & Commercial Workers Union Pension Fund, No. 09-668, 2009 WL 4138516, at *6 (D.N.J. Nov. 24, 2009); Sensient, 580 F. Supp. 2d at 378. Furthermore, Federal Rule of Civil Procedure 15(a)(2) instructs that leave to amend should be freely granted when justice so requires. Here, justice will be served by allowing Lincoln to amend its Answer so that its first and tenth defenses present more than bare bones allegations, and rather provide fair notice to Dann of the nature of the defenses.

**IV. CONCLUSION**

For the reasons stated above, Dann's Motion to Strike is granted in part and denied in part. Lincoln is permitted to file an amended Answer in accordance with this Opinion by March 2, 2011.

                 s/Anita B. Brody
                 _____
                 ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:      Copies **MAILED** on _____ to: